UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES BELK                                                                                                    PLAINTIFF

V.                                                             CIVIL ACTION NO. 3:13CV771 DPJ-FKB

JACKSON PUBLIC SCHOOLS;
JACKSON PUBLIC SCHOOLS BOARD OF TRUSTEES,
IN ITS OFFICIAL CAPACITY; AND DR. CEDRICK GRAY,
IN HIS OFFICIAL CAPACITY                                                                          DEFENDANTS

ORDER

This employment-discrimination action is before the Court on motion of Defendants for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff James Belk has responded in opposition. The Court, having considered the memoranda and submissions of the parties, finds that Defendants' motion should be granted as to the retaliation claim but otherwise denied.

I.      Facts and Procedural History

James Belk worked for Jackson Public Schools for twenty-four years, the last eight of which he served as Director of Maintenance. In June 2012, Defendants eliminated his position as part of a reduction in force ("RIF") due to funding constraints and restructuring. Belk, who is Caucasian, contends that he was terminated on account of his race and filed this complaint against JPS alleging race discrimination and retaliation in violation of Title VII. Defendants' motion for summary judgment as to all claims has been briefed, and the Court is prepared to rule.

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the

moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993) (per curiam).

III.    Analysis

    A.    Discrimination Claim

Having considered the parties' submissions, the Court concludes that there are too many unanswered questions to feel comfortable granting summary judgment on Belk's discrimination claim. For example, Defendants argue that Belk has not stated a prima facie case. But they

argue their position under the standards that apply to a standard disparate-treatment claim without considering the more particularized standards applied to RIF cases. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (identifying prima facie case in RIF context).

At the pretext stage, Belk offers several arguments, some of which Defendants adequately address. But Defendants have not directly addressed his contention that he was qualified for other available positions and was lied to regarding potential openings. Likewise, Defendants do not directly address Belk's argument that a pattern of racism existed with respect to the RIF. Defendants do state in their opening memorandum that an African-American administrator was let go, but Belk responds that this individual was never identified during discovery and was not similarly situated. Defendants offer no reply to these assertions and do not otherwise revisit the pattern-of-discrimination issue.

"Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'the better course would be to proceed to a full trial.'" *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). In this case, the Court has some concern about Belk's position, but it is reluctant to make legal arguments that a party has not advanced. Accordingly, the Court concludes that summary judgment should be denied as to the discrimination claim.

      B.      Retaliation Claim

In his Complaint, Belk also alleges that Defendants violated Title VII by retaliating against him for "making complaints regarding misconduct of African American employees and/or for filing a previous lawsuit for unpaid compensatory 'comp' time." Compl. [3] ¶ 46. To

prevail on a claim of retaliation under Title VII, a plaintiff must show that (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse action. *Septimus v. Univ. of Hous.*, 399 F.3d 601, 610 (5th Cir. 2005). "An employee has engaged in activity protected by Title VII if [he] has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e 3(a)).

Defendants submit that Belk has not engaged in protected activity, and the Court agrees. Prior to his termination, Belk did not complain about discriminatory conduct at JPS, and he did not file a charge or assist in an investigation, hearing, or proceeding with the EEOC. Appearing to concede this point, Belk argues in his response that he inadvertently failed to invoke the Fair Labor Standards Act (FLSA) in his Complaint. In other words, Belk wishes to pursue a claim of retaliation under the FLSA not Title VII based on his "comp" time pay lawsuit. But Belk may not raise a new theory of liability after the close of discovery and in response to a motion for summary judgment. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").[1] Defendants' motion for summary judgment as to Belk's retaliation claim is granted.

---

[1] Belk filed a motion to amend his complaint, seeking to clarify that he is bringing a cause of action for retaliation under the FLSA. Judge Ball appropriately denied the motion as untimely, and Belk has not appealed that ruling.

IV.    Conclusion

      Based on the foregoing, the Court finds that Defendants' motion for summary judgment should be granted as to the retaliation claim but otherwise denied. The Court has considered all issues raised by the parties, and those not expressly addressed herein would not change the results of this Order.

      **SO ORDERED AND ADJUDGED** this the 24th day of July, 2015.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE