UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES BELK                                                                                                      PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:13CV771 DPJ-FKB

JACKSON PUBLIC SCHOOLS;
JACKSON PUBLIC SCHOOLS BOARD OF TRUSTEES,
IN ITS OFFICIAL CAPACITY; AND DR. CEDRICK GRAY,
IN HIS OFFICIAL CAPACITY                                                                       DEFENDANTS

ORDER

This employment-discrimination case is before the Court on Plaintiff's Motion in Limine [55] seeking to exclude Exhibits D-2, D-3, D-4, D-5, D-6, D-8, and D-9, and Defendants' Motion to Exclude Defendants' Legal Counsel as a Witness [53]. For the reasons that follow, Plaintiff's motion is denied, and Defendants are instructed to file a reply in support of their motion.

I.   Plaintiff's Motion

During the pretrial conference held on August 7, 2015, Plaintiff objected to certain documents that Defendants allegedly failed to produce during discovery. As a result, the Court entered a text order directing the parties to "meet and confer regarding the trial exhibits, and if issues cannot be resolved, a party should file a motion outlining the objection." *See* Aug. 7, 2015 Text Order. The Court was unclear in its text order, prompting Plaintiff to file a motion seeking to exclude not only the documents that Defendants allegedly failed to disclose, but also other exhibits to which Plaintiff objected. Defendants then limited their response to the exhibits Plaintiff claims were delinquently produced.

Defendants were correct with respect to the scope of relief addressed in the text order; the other objections should have been raised in a timely motion in limine. Accordingly, this Order is limited to the allegedly delinquent documents. That said, any exhibit for which the admissibility has not been admitted in the pretrial order cannot be exhibited to the jury until admitted. Thus, Plaintiff will still have an opportunity to challenge the admissibility of D-5 and D-6 at trial.

Regarding the other delinquent exhibits, Defendants have shown that D-2, D-3, and D-4 were identified in their pre-discovery disclosures of core information. *See* Defs.' Resp. [58-2]. The motion is denied as to those documents.

The only remaining documents are D-8 and D-9. As to these, Defendants admit that they failed to timely disclose or produce. But, they contend that some of these documents were produced in April and May of 2015, all have now been produced, the error was not intentional, and it was in any event harmless. *See* Fed. R. Civ. P. 37(c)(1).

Although Defendants have not offered a compelling reason for failing to produce the documents, it does appear that the exhibits may be of some evidentiary value. In addition, any prejudice that may have resulted will be remedied by the time this case goes to trial. As Defendants note, the Court continued the trial for other reasons until January 11, 2016, and by that time, Plaintiff will have had the documents for five to nine months. While that amount of time should be sufficient, the Court recognizes that the post-discovery production left Plaintiff without an opportunity to explore the documents. Accordingly, if Plaintiff wishes to take depositions strictly limited to D-8 and D-9, then he may do so, but any such depositions must be completed by December 11, 2015.

II.     Defendants' Motion

In very general terms, Plaintiff listed Defendants' in-house counsel as a trial witness, and Defendants moved to block her testimony (without supporting record evidence). In his response, Plaintiff argues that any privilege has been waived and that counsel's testimony is needed because she witnessed certain conversations about which Defendants' employees have given conflicting testimony. Defendants filed no reply, but the Court concludes that a properly supported reply would be helpful. Accordingly, Defendants shall file a reply within seven days of the entry of this order.

III.    Conclusion

For the reasons stated, Plaintiff's Motion [55] is denied. Defendants are instructed to file a reply as to their Motion [53].

**SO ORDERED AND ADJUDGED** this the 19th day of October, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE